**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **AHMED YOUSUF HUSEIN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CIV-26-2098-D** |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Ahmed Yousuf Husein, a noncitizen[1] proceeding with counsel, filed a petition seeking a Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 7. Respondents filed a response to the petition, Doc. 11, and Petitioner filed a reply, Doc. 13. So, the matter is at issue.

For the reasons set forth below, the undersigned recommends that the Court **GRANT** the petition in part and order Respondents to provide Petitioner

---

1 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

2 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

with an individualized bond hearing within ten days or otherwise release him from custody.

## I. Factual background and procedural history.

Petitioner is a citizen of Somalia who entered the United States on or around June 9, 2022. Doc. 1, Ex. 1, at 1. That same day, the Department of Homeland Security (DHS) detained Petitioner and paroled him into the United States until August 8, 2022. *Id.*; *see also id.* Ex. 2, at 2. On September 12, 2022, DHS initiated removal proceedings against Petitioner by filing a Notice to Appear (NTA) with the Immigration Court, charging Petitioner as inadmissible under 8 U.S.C. §§ 1182(a)(6)(A)(i)[3] and (a)(7)(A)(i)(I).[4] *Id.* Ex. 3, at 1, 4.

On September 13, 2022, DHS issued a warrant for Petitioner's arrest. *Id.* Ex. 4, at 2. That same day, DHS released Petitioner under an Order of Release on Recognizance. *Id.* at 3-4; *see also id.* Ex. 5, at 2-4.

---

[3] A noncitizen is inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) if they are present in the United States without having been admitted or paroled or arrived in the United States at any time or place other than as designated by the Attorney General.

[4] A noncitizen is inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) when, at the time of the noncitizen's application for admission, they are not in possession of a valid entry document and a valid document of identity and nationality.

On March 7, 2023, Petitioner filed a Form I-589, Application for Asylum and Withholding of Removal, with the Immigration Court. *Id*. Ex. 6. On March 26, 2025, an Immigration Judge (IJ) denied Petitioner's applications for immigration relief and ordered him removed to Somalia. *Id*. Ex. 8, at 2-3. On April 10, 2025, Petitioner timely appealed the IJ's decision to the Board of Immigration Appeals (BIA). *Id*. at 3. Petitioner's appeal remains pending. Doc. 15.[5]

On or around July 28, 2026, Immigration and Customs Enforcement (ICE) re-detained Petitioner. Doc. 1, at 10. On July 29, 2026, ICE issued a warrant against Petitioner. Doc. 11, Ex. 1, at 1. ICE is currently detaining Petitioner at the Cimarron Correctional Facility in Cushing, Oklahoma.[6] Doc. 1, at 11.

---

[5] On October 8, 2026, the undersigned ordered an update on Petitioner's immigration proceedings, as the EOIR Automated Case Information website did not indicate that an appeal was filed or pending with the BIA. Doc. 14. Petitioner submitted evidence that an appeal was filed and remains pending. Doc. 15. Respondents similarly submitted evidence of Petitioner's pending appeal. Doc. 16.

[6] *See* USCIS, Online Detainee Locator System, https://locator.ice.gov/odls/#/results (last visited Oct. 13, 2026).

## II. Petitioner's claims.

Petitioner alleges that: (1) his detention without notice violates his procedural due process rights under *Mathews v. Eldridge*, 424 U.S. 319 (1976); (2) ICE, in violation of 8 U.S.C. § 1226(a), failed to provide a warrant or otherwise demonstrate it possessed probable cause to arrest him; (3) ICE abused its discretion under the Administrative Procedure Act (APA); and (4) his arrest violates the Fourth Amendment of the United States Constitution because he was arrested without a warrant or probable cause. *Id*. at 20-43.

Petitioner requests that the Court: (1) assume jurisdiction over his petition; (2) prohibit Respondents from transferring Petitioner from this district absent the Court's approval; (3) find Respondents' revocation of his release on recognizance and his arrest unconstitutional and in violation of the Administrative Procedure Act; (4) issue a writ of habeas corpus ordering Respondents to immediately release Petitioner; (5) order Respondents to return Petitioner's seized property upon release; (6) award Petitioner attorney's fees and costs under the Equal Access to Justice Act (EAJA) and any other basis justified under law; and (7) grant any further relief deemed proper.[7] *Id*. at 44-45.

---

[7] The Court need not address Petitioner's request for EAJA fees and costs as a prevailing party, as Petitioner must separately seek these after a final

**III. Standard of review.**

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

**IV. Petitioner is entitled to a bond hearing under § 1226(a).**

Respondents acknowledge that, in light of *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), Petitioner is entitled to a bond hearing before an IJ. Doc. 11, at 1. The undersigned agrees and concludes that a bond hearing is the appropriate remedy. *See, e.g., Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to §1226(a) are "eligible for bond"); *see also*

---

judgment. 28 U.S.C. § 2412(d)(1)(B). Additionally, the Court need not address whether it assumes jurisdiction over this matter or whether Respondents are permitted to transfer Petitioner during the pendency of these proceedings, because the Court addressed these issues in its Order for Response, Doc. 9.

*Vasquez-Lopez v. Grant*, No. CIV-26-1494-D, 2026 WL 2983729, at *1 (W.D. Okla. Oct. 5, 2026) (finding the petitioner was detained under § 1226(a) and the relief warranted was a bond hearing).

Section "1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). Here, Respondents have not provided Petitioner with an individualized custody determination since his detention in July 2026. Doc. 1, at 11; *see, e.g., Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," he is entitled to a bond hearing under § 1226(a). *Zhakhonov,* 2026 WL 1865418, at *3; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this

case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

Therefore, the Court should grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days; if they fail to do so, they must release Petitioner. *See, e.g., Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").[8]

[8] Given the recommended statutory relief, the undersigned recommends that the Court decline to reach Petitioner's remaining constitutional and APA claims and his request for return of seized property. The Court can grant him relief under § 1226(a). *See Vasquez-Lopez*, 2026 WL 2983729, at *2 n.1 ("Given [the Court's grant of relief under § 1226(a)], the Court declines to address Petitioner's remaining claims at this time."); *see also Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *Singh v. Cerna*, No. CIV-26-757-R, 2026 WL 1973892, at *1 (W.D. Okla. July 8, 2026) (declining to address the petitioner's due process and "other claims" because the court was granting the petitioner habeas corpus relief on the basis of his statutory claim and directing the respondents to provide him with a bond hearing under § 1226(a)).

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant Petitioner's habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral IJ within ten days; if they fail to do so, they must release Petitioner.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Cimarron Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by October 21, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[9] The undersigned further advises the parties that failure to make timely

---

[9] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker*, 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they

objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 14th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

need not be in every instance–particularly where strict application would undermine the habeas review process”).