**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AHMED YOUSUF HUSEIN,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-2098-D |

**ORDER**

Petitioner Ahmed Yousuf Husein filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Somalia who entered the United States on or about June 9, 2022. Petitioner was re-detained by the U.S. Immigration and Customs Enforcement (ICE) on or about July 28, 2026. Petitioner is currently detained at the Cimarron Correctional Facility in Cushing, Oklahoma. Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A), and his removal proceedings are ongoing.

The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 7]. On October 14, 2026, Judge Mitchell issued a Report and Recommendation [Doc. No. 17], recommending that the Court grant in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a).

Respondents filed a timely Objection to the Report and Recommendation [Doc. No. 18]. In their objection, Respondents concede that the Tenth Circuit's decision in *Santillan*

*Quiroz v. Mullin* controls the outcome of this case. [Doc. No. 18, at 1]; *see Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). For the first time, in response to Judge Mitchell's report, Respondents also contend that Petitioner's habeas petition should be denied as moot because Respondents provided Petitioner with a bond hearing on September 18, 2026, and Petitioner withdrew his request for bond redetermination at that time. *Id.* at 2-3.

In his Reply [Doc. No. 19], Petitioner notifies the Court that he was not provided notice of his bond hearing until the morning of, and that he requested additional time to prepare for the bond hearing. Petitioner also re-urges his request for immediate release. *Id.* at 4.

Upon consideration, the Court agrees with Judge Mitchell that 8 U.S.C. § 1226, not § 1225(b)(2)(A), applies to Petitioner's detention. The Court further agrees with Judge Mitchell that a bond hearing is the appropriate remedy. *See Santillan Quiroz*, 180 F.4th 1226, 1251 n. 13 (10th Cir. 2026) (directing the district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."). Finally, the Court declines to dismiss as moot Petitioner's petition based on his withdrawal of a redetermination request. *See Masharipov v. Mullin*, No. CIV-26-1614-J, 2026 WL 3117943, at *1 (W.D. Okla. Oct. 16, 2026) (adopting magistrate judge's determination that dismissal was not warranted where the petitioner had withdrawn his redetermination request since noncitizens are not required to request a bond hearing prior to seeking § 2241 habeas relief); *see also Rodriguez Reza v. Figueroa*, No. CIV-26-2312-R, 2026 WL 3335706, at *3 (Nov. 4, 2026) (report and recommendation) ("[N]oncitizens detained under § 1226(a) are entitled to a bond hearing.

… Petitioner's withdrawal of his request for a bond hearing does not affect Respondents' duty to provide him one.").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 17] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part**. Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner.[1] A separate judgment shall be entered.

**IT IS SO ORDERED** this 23rd day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

[1] Given this determination, the Court declines to address Petitioner's remaining claims at this time.